## KOLTZE v. MESSENBRINK.

1. **Appeal** : AMOUNT IN CONTROVERSY. Where the petition claimed to recover $94.70 and interest from a certain date, and the interest from that date to the date of judgment swelled the amount to more than one hundred dollars, *held* that the petition claimed more than one hundred dollars, and that the judgment was reviewable on appeal without a certificate.

2. **Evidence** : COMPETENT THOUGH WEAK. Where the only witnesses as to the issue of payment were plaintiff and defendant, and one affirmed and the other denied, *held* that corroborative evidence, however weak, was competent and relevant. (See opinion for illustration).

*Appeal from Crawford District Court.*—HON. J. P. CONNER, Judge.

FILED, MARCH 12, 1888.

ACTION to recover for money loaned. There was a judgment on a verdict for defendant. Plaintiff appeals.

*R. Shaw Van* and *Duffie & Wright*, for appellant.

*Shaw & Kuehnle*, for appellee.

BECK, J.—I. The petition claims to recover $94.70 and interest from a date named. The plaintiff was entitled to recover, in addition to the sum named, interest due at the rendition of the judgment, and the petition is to be taken as claiming a judgment for that amount. When the judgment was rendered, plaintiff was entitled to recover more than one hundred dollars. The pleadings, therefore, show the amount in controversy to be more than one hundred dollars. An appeal is, therefore, authorized without a certificate as to the questions of law to be determined here, which was given by the judge of the district court. The certificate will not be regarded, but the case will be considered as though no certificate had been given.

*1. APPEAL: amount in controversy.*

II.  The defendant admits that he borrowed the money, but alleges that he paid it.  He was permitted to show that the money borrowed by him **2. EVIDENCE: competent though weak.** belonged to the funds of a school district of which plaintiff was treasurer; that plaintiff borrowed from a bank one hundred dollars, which he said was to be used to take the place of the money loaned to the defendant; and that about the time the money was paid, as shown by the defendant's evidence, plaintiff paid the money borrowed from the bank.  It is insisted by plaintiff that this evidence should have been excluded, for the reason that it was incompetent and irrelevant.  The defendant testified that he paid the plaintiff the money borrowed.  The plaintiff in his evidence denies the payment.  The two were the only witnesses giving direct evidence on the point in dispute.  Each depended upon circumstances to corroborate his testimony.  We think the evidence complained of tends to support defendant's testimony; it is, therefore, competent and relevant.  The circumstances, considered with the statement made by plaintiff, that he borrowed of the bank money to take the place of the sum loaned to defendant, tend to show that plaintiff used the money paid him by defendant in discharge of his note to the bank.  It may be of little weight, but its competency cannot be doubted.  Of course, the facts that the money borrowed was held by plaintiff as a school officer, and that he borrowed of the bank, and paid it about the time defendant testifies he made the payment, considered separately, may throw no light on the transaction, but considered together, in the absence of explanation, would raise the inference that plaintiff had received payment from defendant about the time he paid the bank.  Nothing would be more natural than for him to so arrange as to make the money he received from defendant in this way take the place of the school money loaned to defendant.

III.  The plaintiff complains of the admission of evidence showing that defendant, in a conversation with plaintiff, had to arrange the controversy, offered to take an oath that he paid the money.

We are unable to discover any such evidence in the abstract introduced by defendant. The objèction is, therefore, unsupported by the record.

IV. It is insisted that the verdict is in conflict with the evidence. All that need be said on this point is that the evidence is conflicting, and the verdict is not so without support in the evidence as to authorize us to reverse the judgment.

These considerations dispose of all questions in the case. The judgment of the district court is

AFFIRMED.